UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BERNIS BOATMAN,                )
             )
        Plaintiff,             )
             )
    vs.                        )
             )
ANNE WALTERMANN MURPHY et al., )
             )
        Defendants.            )
             )  | Cause No. 1:10-cv-158-WTL-DML |

### ENTRY ON MOTION TO CERTIFY CLASS

Before the Court is the Plaintiff's Motion for Class Certification (Docket No. 7). This motion is fully briefed, and the Court, being duly advised, now **GRANTS** the motion for the reasons set forth below.

### I.  RULE 23 STANDARD

Federal Rule of Civil Procedure 23 governs class actions. Rule 23 requires a two-step analysis to determine whether it is appropriate to certify a particular class. First, the plaintiff must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000). Second, the action must satisfy one of the conditions of Rule 23(b). *Id.* The Court has "'broad discretion to determine whether certification of a class-action lawsuit is appropriate,'" *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 629 (7th Cir. 2001)), and class certification decisions are reviewed using the abuse of discretion standard. *Id.*

### II.  BACKGROUND

Indiana participates in the federal Medicaid program. The Medicaid program allows States to waive certain requirements as long as the waivers are approved by the federal government under 42 U.S.C. § 1396n(c). The Indiana Family and Social Services Administration ("FSSA") operates five such waiver programs. The two programs at issue here – the Aging and Disabled Waiver Program ("A&D Waiver Program") and the Traumatic Brain Injury Waiver Program ("TBI Waiver Program") – are operated by the FSSA's Division of Aging. To enroll in either the A&D Waiver Program or the TBI Waiver Program, an individual visits his or her local Area Agency on Aging ("AAA"). After an AAA case manager determines that the individual is qualified for either the A&D Waiver Program or the TBI Waiver Program, the case manager assesses the applicant's specific needs and creates a plan of care and cost comparison budget, which are submitted to the Division of Aging for review. Individuals who disagree with the case manager's assessment, for example individuals who believe they need additional services not approved by the case manager, have no way to apply for these services.

The named Plaintiff, Bernis Boatman, is enrolled in the A&D Waiver Program. Her primary caretaker is her daughter, Diana Wilbur. Recently, Boatman's health has deteriorated. As a result, she now needs more services than were certified under the A&D Waiver. On several occasions, Boatman and Wilbur contacted Boatman's case manager to request additional services. The case manager refused to recommend any additional services. Accordingly, Boatman is unable to request or receive the additional services she requires. She ultimately filed this suit and now moves to certify a class defined as: "All persons who are enrolled in or who will be enrolled in either the Aged and Disabled Waiver Program or the Traumatic Brain Injury Waiver Program operated by the Indiana Family and Social Services Administration." Docket

2

No. 8 at 1-2.

### III. DISCUSSION

Before the express requirements of Rule 23 can be addressed, and before the class can be certified, Boatman must show that the class is "sufficiently definite to warrant class certification." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). "'An identifiable class exists if its members can be ascertained by reference to objective criteria. A class description is insufficient, however, if membership is contingent on the prospective member's state of mind.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 172 F.R.D. 351, 357 (N.D. Ill. 1997) (quoting *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 397 (N.D. Ill. 1987)). The Seventh Circuit has emphasized that classes "defined by the activities of the defendants" are generally sufficiently definite to satisfy this requirement. *Alliance to End Repression v. Rochford*, 565 F.2d 975, 987 (7th Cir. 1977). Classes whose membership is "contingent on the state of mind of the prospective class members," are not definite enough to survive the class certification stage of litigation. *Id.*

In the instant case the proposed class is defined as "all persons enrolled in the two (2) Medicaid waiver programs operated by the Division of Aging of the Indiana Family and Social Services Administration." Docket No. 19 at 7. Because the Court can easily ascertain whether a potential plaintiff is enrolled in either the A&D Waiver Program or the TBI Waiver Program, the class is sufficiently defined. Individuals who are enrolled in either waiver program are putative class members. Individuals who are not enrolled in one of the waiver programs are excluded from the class. Thus, to the extent the Defendants claim that the proposed class is too indefinite to support class certification, the Court disagrees.

3

The Defendants also argue that the Plaintiff's class definition is overly broad because "[t]here is no evidence that there is anyone other than Plaintiff who has made a request and has not received a written explanation about a denial of request for additional services." Docket No. 18 at 6. Courts have repeatedly held that, with respect to class actions, such as this one, brought under Rule 23(b)(2), "not all class members need 'be aggrieved by or desire to challenge defendant's conduct in order for some to seek relief under (b)(2).'" *Griffin v. Burns*, 570 F.2d 1065, 1075 (1st Cir. 1978) (quoting 7A CHARLES ALAN WRIGHT, ARTHUR A. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1775 (3d ed. 1998)). Thus, the fact that some putative class members may not have suffered a deprivation of their rights does not automatically render the class definition overly broad.

Turning to the first express requirement of Rule 23, numerosity, Boatman must show that "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). Boatman avers that "[a]s of 2008, there were more than eight thousand (8,000) individuals enrolled in the Aged and Disabled Wavier Program, and the State anticipates increasing this number to close to fourteen thousand (14,000) individuals by 2013." Docket No. 19 at 12. The Defendant takes issue with this argument because "[a] party supporting class certification cannot rely upon 'mere speculation' and 'conculsory allegations' as to the size of the potential class to prove joinder is impractical." Docket No. 18 at 4 (quoting *Roe v. Town of Highland*, 909 F.2d 1097, 1100 n.4 (7th Cir. 1990)). Despite the disagreement, the Court is convinced that the putative class is so numerous that joinder would be impracticable. Thus, the Plaintiff satisfies the numerosity requirement.

The second requirement of Rule 23(a) is the presence of "questions of law or fact

common to the class." FED. R. CIV. P. 23(a)(2). "'A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2).'" *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). "Common nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class." *Id.*

The Defendants claim that commonality is not present because the "Plaintiff has not provided any evidence that there is a policy or practice in place that affects all individuals enrolled in the waiver programs." Docket No. 18 at 7. The Plaintiff is not required to prove the merits of her case at this stage of the litigation. Indeed, requiring the Plaintiff to prove the merits of her case at the class certification stage contravenes Rule 23 by "allowing a representative plaintiff to secure the benefits of a class action without first satisfying the requirements for it." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). Boatman has alleged that the Defendants maintain a policy that precludes her, and other similarly-situated individuals, from requesting services different from those recommended by a case manager. This is sufficient to satisfy the commonality inquiry of Rule 23(a)(2).

The third requirement is typicality – "the claim or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "The question of typicality in Rule 23(a)(3) is closely related to the preceding question of commonality." *Rosario*, 963 F.2d at 1018. The Seventh Circuit has stated that a "'plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Id.* (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). The Defendants claim

5

that the Plaintiff has not satisfied this prong because "there is no evidence that Defendants have a policy or practice affecting each and every enrollee in the waiver programs." Docket No. 18 at 8. Like its commonality argument, the Defendants' typicality argument also misses the mark. The Plaintiff is simply not required to prove the merits of her case at the class certification stage. She has thus successfully shown typicality.

The fourth and final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). "A class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Rosario*, 963 F.2d at 1018. In *Retired Chicago Police Association v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) (quoting *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986), the court noted that "adequacy of representation is composed of two parts: 'the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protect the different, separate, and distinct interest' of the class members." In the instant case the "Plaintiff has not submitted any evidence to prove that individuals enrolled in the TBI Waiver Program and individuals enrolled in the A&D Waiver Program are subject to the same policies or practices." Docket No. 18 at 9. In short "there is no evidence that the Plaintiff would adequately represent individuals enrolled in the TBI Waiver Program." *Id*. The Plaintiff has never been enrolled in the TBI Waiver Program; therefore, she cannot adequately represent the interests of this portion of the putative class.

However, this does not doom the Plaintiff's motion. Instead, the Court will simply adapt the proposed class definition to include only those persons who are enrolled in or who will be enrolled in the A&D Waiver Program operated by the FSSA. With this change, the Plaintiff is

an adequate class representative, as her claims are neither antagonistic to, nor in conflict with, the claims of the class as a whole. In addition, although the Defendants argue that the Plaintiff's counsel cannot "adequately protect the interests of the putative class," Docket No. 18 at 9, this argument is without merit. Having altered the class definition, the Plaintiff is now an adequate class representative.

Having satisfied the four requirements of Rule 23(a), Boatman has not fully met her burden. She must also satisfy one of the requirements of Rule 23(b). Here, Boatman claims that she satisfies Rule 23(b)(2), which allows a class action to be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

In the instant case, the Defendants have allegedly violated both federal law and the United States Constitution. Accordingly, if Boatman prevails on the merits, injunctive relief will be appropriate. Having reviewed the parties' arguments, as well as the relevant case law, the Court believes that the class definition, as altered above, is drafted in a way that will allow identification of class members. Because the Plaintiff seeks only declaratory and injunctive relief, Boatman has satisfied Rule 23(b)(2). Accordingly, she has met the requirements for class certification.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion for Class Certification (Docket No. 7) is **GRANTED**.

SO ORDERED: 05/27/2010

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

David A. Arthur
Indiana Office of the Attorney General
David.Arthur@atg.in.gov

Betsy M. Isenberg
Indiana Office of the Attorney General
Betsy.Isenberg@atg.in.gov

Gavin Minor Rose
ACLU of Indiana
grose@aclu-in.org