IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDNA CHADWELL, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 1:10-cv-00158-JMS-DML ) |
| MICHAEL A. GARGANO, *et al.*, | ) ) |
| Defendants. | ) |

**ORDER APPROVING STIPULATION BETWEEN PARTIES AS FAIR,
REASONABLE, AND ADEQUATE PURSUANT TO RULE 23(E)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

This cause comes before the Court after the filing by the parties of their Stipulation to Enter Settlement Agreement Following Notice to the Class ("Stipulation") (ECF No. 46). On July 21, 2011, this Court held a fairness hearing, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to determine whether the proposed settlement is a fair, reasonable, and adequate resolution of this matter. The parties appeared by counsel at the hearing.

Having considered the Stipulation and the Report on Class Notice (ECF No. 54) following notice to the class, as well as the arguments of counsel at the fairness hearing, and the record in this matter,

**IT IS HEREBY FOUND** that:

1. This case was filed on February 8, 2010, and alleged generally as follows:

    a. That the practice or policy of the defendants whereby waiver enrollees are not permitted to apply for services other than those approved by their case manager violates and is preempted by federal Medicaid law; and

    b. That the practice or policy of the defendants whereby waiver enrollees who request services different from or in excess of those proposed by their case manager are not provided with a written statement containing the information enumerated in 42 C.F.R.

1

§ 431.206 or 42 C.F.R. § 431.210 violates and is preempted by federal Medicaid law and the Fourteenth Amendment to the United States Constitution.

2. On May 27, 2010, this Court certified this case as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure (ECF No. 27), with the class defined as follows:

> All persons who are enrolled in or who will be enrolled in the Aged and Disabled Waiver Program operated by the Indiana Family and Social Services Administration.

3. On March 17, 2011, the parties jointly filed their Stipulation, which is designed to fully resolve all issues presented by this case (ECF No. 46).

4. This Court has jurisdiction over the subject matter of this cause and over all the parties, including members of the certified class.

5. The class has been given proper and adequate notice of the proposed resolution of this case as required by this Court's Order of March 22, 2011 (ECF No. 48).

6. The notice invited class members to notify class counsel as to any objections to, or comments on, the Stipulation and the proposed dismissal as provided by the Stipulation. The notice provided valid, due, and sufficient notice of these proceedings and the matters set forth therein and included information regarding the procedures for making any objections to the Stipulation.

7. The notice given to the class fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, and the requirements of due process.

8. Following the standards established by the Seventh Circuit in *Synfuel Technologies, Inc. v. DHL Express, Inc.*, 463 F.3d 646, 653 (7th Cir. 2006), the Court finds that the Stipulation, and the subsequently planned dismissal of this action, is fair, reasonable, and adequate for the following reasons.

    A. The first *Synfuel* factor requires that the strength of the plaintiffs' case be

compared to the settlement offer. While there has been no judgment on the merits in this matter, and while the defendants continue to deny the merit of the plaintiffs' allegations made against them, this first factor does not require vigorous analysis. The reason for this is that the plaintiffs are receiving through settlement virtually everything that they could obtain through a final judgment in their favor in this matter. That is, the defendants are promising through settlement that "case managers are required to submit a request for services to the Indiana Family and Social Services Administration for whatever amount and type of services each waiver enrollee desires" (ECF No. 46, ¶ 6), and are also promising to provide waiver enrollees information regarding this right and a procedure for notifying the agency directly in the event that waiver enrollees are not satisfied with their case managers actions (ECF No. 46, ¶ 10). The Court finds that the Stipulation grants plaintiffs as much relief as this Court would grant if it found that the plaintiffs prevailed after trial in this cause.

B. The complexity, length, and expense of continued litigation weigh heavily in favor of finding the proposed dismissal to be fair, reasonable, and adequate. Continued litigation would require significant discovery by both parties and would require either a trial (and extensive trial preparation) or lengthy summary judgment proceedings. This further expense, both in terms of time and money, is not in the best interests of the parties as the proposed Stipulation realistically gives to the plaintiffs all they could hope to achieve in this litigation.

C. *Synfuel* requires that the amount of opposition to the settlement by affected parties be evaluated. The Court has reviewed the report of class counsel and notes that no class members have submitted comments opposing the settlement.

D. There is no evidence of any collusion between the parties in entering into the Stipulation, and the parties have represented that there has been none. The Court is satisfied that the Stipulation is the result of an arms-length negotiation between the parties.

E. Class counsel is experienced in class action and public benefits litigation and the Court credits counsel's opinion that the Stipulation is fair, reasonable, and adequate.

F. The stage of the proceedings and the amount of discovery conducted also weigh in favor of concluding that the Stipulation is fair, reasonable, and adequate. The parties have represented that significant discovery, both formal and informal, has been conducted in this case, and also credits the parties' familiarity with the operation of the Medicaid waiver program. The Court is satisfied that further discovery or proceedings would not produce information that would lead to a settlement or decision that would be more beneficial to the class.

9. For the foregoing reasons, the Court finds that the proposed Stipulation is a fair, reasonable, and adequate resolution of this matter.

10. The Court notes that under the terms of the Stipulation, the defendants shall have thirty (30) days from this order to compensate counsel for the plaintiffs for their reasonable attorneys' fees and costs (ECF No. 46, ¶ 12), following which the plaintiffs will have fourteen (14) days to move to dismiss, with prejudice, this cause (ECF No. 46, ¶ 13).

**IT IS THEREFORE ORDERED** that the parties' Stipulation to Enter Settlement Agreement Following Notice to the Class is hereby **APPROVED** pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the parties shall jointly file a Status Report regarding

the ultimate dismissal of this cause within sixty (60) days, if the plaintiffs have not moved to dismiss this cause before that date.

**SO ORDERED.**

07/21/2011
Date

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

cc:

Gavin M. Rose
ACLU of Indiana
grose@aclu-in.org

Betsy M. Isenberg
Office of the Attorney General
betsy.isenberg@atg.in.gov

David A. Arthur
Office of the Attorney General
david.arthur@atg.in.gov